UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-149 |
| | ) | (PHILLIPS/SHIRLEY) |
| BRIAN KEITH JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and by the Order [Doc. 37] of the Honorable Thomas W. Phillips, United States District Judge, for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. Defendant Brian Keith Jones's Supplement to Objections to Report and Recommendation with Request for Evidentiary Hearing [Doc. 35] is presently pending before this Court. This matter came before the Court for a hearing on September 10, 2007. Assistant United States Attorney Tracy Stone ("AUSA Stone") was present for the government. Attorney Wade Davies ("Attorney Davies") was present representing Defendant Brian Keith Jones ("Defendant"), who was also present.

Defendant has been indicted [Doc. 1] on one count of previously being convicted in courts of crimes punishable by terms of imprisonment exceeding one year and knowingly possessing a firearm, specifically, a Smith and Wesson 9mm semi-automatic pistol, and ammunition, in violation of 18 United States Code Section 922(g)(1), and one count of previously being convicted

1

in courts of crimes punishable by terms of imprisonment exceeding one year and knowingly possessing ammunition, specifically, one round of CCI 9mm ammunition and four rounds of Winchester 9mm ammunition, in violation of 18 United States Code Section 922(g)(1). These charges arise out of the search of a Super 8 motel room and Defendant's pants' pockets on May 17, 2005.

## I. BACKGROUND

Defendant filed a motion to suppress [Doc. 18] in which he argued he was illegally detained, frisked, and searched. Additionally, he argued that the officer's removal of ammunition from his pants pocket was improper because the incriminating nature of the item was not immediately apparent. In response, the government argued that the evidence was lawfully obtained pursuant to consent and that Defendant was never unlawfully detained.

Following a hearing on Defendant's motion to suppress, held on May 15, 2007, this Court filed a 20-page Report and Recommendation ("R & R") [Doc. 24] finding that Defendant voluntarily consented to the search of his pants pocket, and that Defendant was not unconstitutionally detained or frisked, thus recommending the motion to suppress be denied. Defendant's former attorney Public Defender Paula Voss ("Public Defender Voss") filed an Objection to the R & R [Doc. 27] on Defendant's behalf on June 29, 2007. On June 29, 2007, Defendant also filed a Motion to Substitute Counsel [Doc. 26], which was granted by an Order of this Court on July 9, 2007 [Doc. 30]. As of July 9, 2007, Defendant was no longer represented by Public Defender Voss and Defendant's current attorney, Attorney Davies, was substituted as counsel of record under the Civil Justice Act (CJA).

Defendant, through new counsel, has now moved to supplement the objections to the R & R of this Court and requests a short evidentiary hearing in order to develop evidence necessary for the determination of his motion. [Doc. 35 at 1]. Defendant seeks to clarify the circumstances of the anonymous tip relied upon by the officers and the time line with regard to his handcuffing. [Doc. 35 at 11-12]. The government opposes Defendant's motion and request for an evidentiary hearing. [Doc. 36]. Only the portion of Defendant's motion that requests an evidentiary hearing has been referred to the undersigned.

## II. FACTS

This Court has already made factual findings in this case which were set forth in the initial R & R issued on June 14, 2007 [Doc. 24]. Because the September 10, 2007 motion hearing contained no new testimony, the Court incorporates by reference its original factual findings into this Report and Recommendation.

## III. ANALYSIS

A motion to reopen a suppression hearing is committed to the sound discretion of the district court. See United States v. Carter, 374 F.3d 399, 405 (6th Cir, 2004), *judgment vacated on unrelated grounds*, 543 U.S. 1111 (2005) (citing United States v. Lawrence, 308 F.3d 623, 627 (6th Cir. 2002)). The Sixth Circuit has broadly compared reopening suppression hearings to reopenings generally. Carter, 374 F.3d at 405 ("A ruling on whether to reopen a suppression hearing is governed by principles of jurisprudence that relate to reopening proceedings, generally.").

In its response, the government cites United States v. Carter, for the proposition that the "moving party should provide a reasonable explanation for his failure to present the evidence initially." [Doc. 36 at 6]. In a case remarkably similar to this case, in which the rendering court cites to Carter for the same proposition, the District Court for the District of Columbia, per Judge Roberts, held absent any new evidence or evidence that was unobtainable before original suppression hearing, or any new issues that became relevant since the hearing, the reopening of a suppression hearing is unwarranted. See United States v. Watson, 391 F.Supp.2d 89 (D.D.C. 2005). In Watson, the defendant, as here, obtained new counsel after his motion to suppress was denied and, as here, moved to reopen the suppression hearing on the grounds that he wished to "further examine [a police officer who testified at the initial suppression hearing] to elicit facts that defendant claims could impeach [testifying officer's] prior testimony." 391 F.Supp.2d at 91. The Watson Court held that defendant "failed to demonstrate that reopening the hearing is warranted. Defendant has presented no evidence that is new or was unobtainable before the original suppression hearing was held, nor has defendant articulated any new issues that have become relevant since the original ruling that warrant exploration." Id. at 94. While the Watson opinion is not binding, this Court finds its reasoning and holding persuasive and, in light of the factual similarities and sound legal reasoning, adopts the opinion of the D.C. District Court.

In this case, Defendant requests the opportunity to conduct additional cross-examination and questioning of Detective Sergeant Pat Henry ("Officer Henry"). Defendant claims the additional questioning was not pursued by prior counsel and could impeach Officer Henry by revealing a prior inconsistent statement as to the identity of the anonymous tipster who informed Officer Henry of alleged drug dealing activity in Room 219 of the Super 8 Motel. Even if defense

4

counsel was successful in establishing some prior inconsistent identification statements by Officer Henry as to who the anonymous tipster was, this would not affect the officer's overall credibility sufficient for the Court to disbelieve his testimony regarding an entirely different issue - namely, Defendant's consent to search his pants pockets. This Court would still find Officer Henry's testimony regarding Defendant's consent to be credible for the reasons set forth in the original R & R [Doc. 24]. As to the proposed line of questioning regarding how long the Defendant was handcuffed and the time line of his being handcuffed, the Court finds this line of questioning reflect Defendant's new counsel's strategic choices about questioning witnesses, which is insufficient to warrant reopening a suppression hearing. This Court strongly suspects that at the end of witness questioning, most attorneys are prone to second guess their own performance and would welcome the chance to ask more or different questions of the witness. This is even more likely when one lawyer takes over for another. While this may be every lawyer's lament in hindsight, it is not a sufficient reason to allow a "second bite at the apple" and reopen a suppression hearing. Most, if not, all of the questions Attorney Davies proposes to pursue if an evidentiary hearing were granted, could have been asked at the first suppression hearing. The information regarding the identity of the anonymous tipster and the Defendant being handcuffed after a gun was found in the hotel room is not newly discovered information; it was available to the Defendant at the initial suppression hearing and was ripe for cross-examination by defense counsel, and, in fact, the officer was cross examined on both issues.

Thus, this Court finds nothing to suggest the reopening of the suppression hearing to supplement the record is warranted or in the interests of justice.

## IV. CONCLUSION

For the reasons set forth herein, it is **RECOMMENDED** that Defendant Brian Keith Jones's Motion to Supplement to Objections to Report and Recommendation with Request for Evidentiary Hearing **[Doc. 35]** be **DENIED.**[1]

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see also Thomas v. Arn, 474 U.S. 140 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).