**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 3:06-CR-149** |
| | ) | **(Phillips)** |
| **BRIAN KEITH JONES** | ) | |


**MEMORANDUM AND ORDER**

On June 14, 2007, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed a 20-page Report and Recommendation (R&R) [Doc. 24] in which he recommended that defendant's motion to suppress evidence [Doc. 18] be denied. Following the filing of the R&R, the defendant moved to reopen the evidentiary hearing on his motion to suppress evidence [Doc. 35]. Magistrate Judge Shirley filed a second R&R in which he recommended that defendant's motion to reopen the evidentiary hearing be denied [Doc. 39]. This matter is presently before the court on timely objections to both R&Rs filed by defendant. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&Rs to which defendant objects. For the reasons that follow, the court finds itself in agreement with Magistrate Judge Shirley's thorough analysis of the legal issues arising from the suppression hearing conducted by him on May 15, 2007. Consequently, defendant's objections will be overruled, the R&Rs will be accepted in whole, and the underlying motion to suppress evidence and motion for evidentiary hearing will be denied.

Defendant has been indicted for possession of a firearm, specifically, a Smith and Wesson 9mm semi-automatic pistol and ammunition after being previously convicted of a felony in violation of 18 U.S.C. § 922(g)(1). Following an evidentiary hearing on defendant's motion to suppress, Magistrate Judge Shirley found that defendant voluntarily consented to the search of his pants' pocket, and that defendant was not unconstitutionally detained or frisked. Accordingly, Magistrate Judge Shirley recommended that defendant's motion to suppress be denied.

First, defendant asserts that the R&R was in error when it found that he was not in custody for purposes of *Miranda* warnings. Defendant contends that once the officer determined that he was not armed, the *Terry* pat-down was at an end and he should have removed the handcuffs and released defendant. Defendant further contends that asking questions of him while he was handcuffed and had been seized by the officer was a violation of his rights under the *Miranda* doctrine.

The government points out that under a totality of the circumstances analysis, the officer had a reasonable suspicion authorizing a *Terry* stop beyond frisking defendant for weapons. The evidence showed:

- Defendant and Floyd initially were viewed in possession of a car that was not their's, and was borrowed tangentially from a known drug user;

- An anonymous tip stated that drug dealing was occurring that day from Room 219 at the Super 8 Motel;

- Room 219 was linked to either defendant or Floyd, as demonstrated by their giving consent to search the room and possessing a key to the room;

- The tip was corroborated when the officers discovered that Room 219 contained evidence of a drug operation, by virtue of the drug paraphernalia located therein; and

- A loaded gun was found in the room.

Defendant was handcuffed when a gun was discovered in the room. He was then subjected to a *Terry* pat-down. During the pat-down no weapons were discovered, but the officer felt something unusual in defendant's pocket which he suspected was narcotics. The officer asked defendant what was in his pockets. Defendant responded that he did not know, and the officer asked defendant for permission to remove the items from his pockets, and defendant replied something to the effect of "yes" or "sure." The officer then removed the items, which were five rounds for a 9mm pistol. Shortly thereafter, the handcuffs were removed and defendant was free to leave.[1]

It appears that defendant was cuffed, frisked and briefly detained only after officers found the loaded gun in the room. Moreover, defendant gave the officer a probation card issued by the State of Tennessee that probationers in Tennessee are required to show to law enforcement. A records check revealed that defendant had been

---

[1] Defendant was not arrested until several days later after his prior felony conviction was confirmed.

charged with robbery, but a disposition of that charge was unavailable. Thus, at that point in the investigation, the officer had reasonable suspicion to believe that the defendant was an armed drug dealer and a felon in possession of a firearm. Here, the additional delay in pursuing the investigatory stop under *Terry,* following the frisk, was reasonable and did not unnecessarily prolong defendant's detention. Under these facts, the court concurs with Magistrate Judge Shirley's conclusion that defendant was never in custody. Because he was never in custody, he was never subjected to a custodial interrogation which would have necessitated *Miranda* warnings. Therefore, defendant's first objection to the R&R will be **OVERRULED.**

Next, defendant objects to the R&R finding that he consented to the officer reaching into his pocket. As stated above, the officer testified that defendant voluntarily consented to the search of his pockets. Defendant, on the other hand, testified that he did not consent to a search of his pants' pockets. Magistrate Judge Shirley found the officer to be a more credible witness. Further, Magistrate Judge Shirley found that defendant's age, intelligence and educational level were sufficient to understand the concept of consent. Defendant has proffered no evidence that the officer used punitive or coercive conduct in obtaining his consent. Thus, Magistrate Judge Shirley concluded that defendant voluntarily consented to the search of his pants' pockets, and the court concurs. The R&R clearly reflects that Magistrate Judge Shirley carefully weighed and evaluated the testimony of the officer and defendant. The officer was subjected to rigorous direct examination and cross-examination. He was not impeached nor shown to be a biased witness. Defendant,

on the other hand, was subjected to very limited questioning. The extremely limited testimony of the defendant, coupled with his prior felony conviction and obvious bias, made him a less reliable witness in the Magistrate Judge's opinion, and the court concurs. Therefore, defendant's second objection to the R&R will be **OVERRULED.**

Last, defendant objects to the R&R finding that a supplemental evidentiary hearing was not warranted. Magistrate Judge Shirley found that most, if not all, of the questions defendant proposed to pursue if an evidentiary hearing were granted, could have been asked at the first suppression hearing. Further, he determined that even if defendant was able to establish some prior inconsistent identification statement by the officer as to the anonymous tipster, it would not affect the officer's overall credibility. The court agrees. The information regarding the identity of the anonymous tipster and the circumstances of defendant being handcuffed after a gun was found in the hotel room are not newly discovered information; this information was available to defendant at the initial suppression hearing, and in fact, the officer was cross-examined on both issues. Absent any new evidence or evidence that was unobtainable before the original suppression hearing, or any new issues that have become relevant since the hearing, the reopening of the suppression hearing is unwarranted. *See United States v. Watson,* 391 F.Supp.2d 89 (D.D.C. 2005).

For the foregoing reasons, as well as the reasons articulated by Magistrate Judge Shirley in his R&Rs, defendant's objections to the R&Rs [Docs. 27, 35, 40] are hereby **OVERRULED** in their entirety whereby the R&Rs [Docs. 24, 39] are **ACCEPTED**

**IN WHOLE.**  Accordingly, defendant's motion to suppress evidence [Doc. 18] is **DENIED**, whereby the court will allow the introduction of the firearm and ammunition taken from the defendant at the trial of this matter, which is presently set for October 23, 2007.  It is **FURTHER ORDERED** that defendant's motion to reopen the evidentiary hearing on his motion to suppress evidence [Doc. 35] is **DENIED.**

**ENTER:**

      s/ Thomas W. Phillips      
United States District Judge