UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 3:06-CR-149 |
| | ) | (PHILLIPS/SHIRLEY) |
| BRIAN KEITH JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 62] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of Motion to File Under Seal Pleading on Behalf of Witness [Doc. 61], filed on November 13, 2007 by Special Agent Charles S. Parris ("SA Parris") of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), a witness in the above-referenced case.

SA Parris requests this Court to allow him to file a Motion to Intervene under seal to protect his interests in the above-referenced case in which he has been called as a witness to testify in pretrial matters. SA Parris contends his constitutional rights to due process of law and his right to counsel are in jeopardy and requests this Court allow his rights to be protected by keeping certain ATF documents under seal as this matter proceeds to trial.

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed.R.Crim.P. 16(d)(1). The U.S. Supreme Court has sanctioned the use of protective orders, directing that "the trial court can and should, where appropriate, place a defendant and his counsel

under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." Alderman v. United States, 394 U.S. 165, 185 (1969). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) (noting in the civil contest that "it is well-established that a party wishing to obtain an order of protection over discovery material must demonstrate that 'good cause' exists for the order of protection.") (quoting Fed.R.Civ.P. 26(c)).

The Court finds that SA Parris has failed to make the requisite showing that sealing the information pertaining to employment matters at ATF is essential to preserve certain substantial interests. Further, SA Parris has not outlined a compelling argument, nor one supported by law, that would establish or furnish good cause for finding that the matters at issue would subject him to any realistic, appreciable risk of harm or that the information would be used against him for improper purposes. To the contrary, the Court notes the portion released to Defendant had been resolved favorably in SA Parris's administrative review and he has further administrative remedies pending.

Further, the Court finds SA Parris's motion was not timely as the Court has already ruled on the *Giglio* issue and disclosed the information to defense counsel prior to receiving the motion to intervene. Furthermore, the information was used (as expected) at the hearing and admitted into evidence during Defendant's cross-examination of SA Parris. This, at a minimum, makes the request to intervene and seal the proceedings moot.

Accordingly, SA Parris's Motion to File Under Seal Pleading on Behalf of Witness **[Doc. 61]** is **DENIED**. If SA Parris still wishes to file a Motion to Intervene not under seal, the Court invites him to him to electronically file his motion at an appropriate time.

**IT IS SO ORDERED.**

                                            **ENTER:**

                                            s/ C. Clifford Shirley, Jr.
                                            United States Magistrate Judge