UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 3:06-CR-149 |
| | ) | (PHILLIPS/SHIRLEY) |
| BRIAN KEITH JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 46] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of Defendant Brian Keith Jones's Motion to Exclude Expert Testimony [Doc. 43], filed October 10, 2007. The parties appeared before the Court on November 7, 2007 for a Motion Hearing. Assistant United States Attorney Tracy Stone ("AUSA Stone") appeared on behalf of the government. Attorney Wade Davies ("Attorney Davies") appeared on behalf of the Defendant, who was also present. At the Motion Hearing, AUSA Stone advised the Court he was filing, on behalf of the government, an Amendment to Notice of Expert Testimony [Doc. 55] and requested to postpone the hearing on Defendant's Motion to Exclude to a later date after the filing of the amendment. Attorney Davies, on behalf of the Defendant, had no objection. Thus, the parties reconvened before this Court on November 13, 2007 for a hearing on Defendant's Motion to Exclude, after the government filed its amendment. All parties, including the Defendant, were present.

In his Motion to Exclude, Defendant Jones requests this Court to exclude the expert testimony of Special Agent Bernard Waggoner ("SA Waggoner"), United States Justice Department, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and Officer Tim Schade ("Officer Schade"), Knoxville Police Department. Defendant Jones challenges the admissibility of SA Waggoner's and Officer Schade's testimony on the grounds of: (A) insufficient notice under Fed.R.Crim.P. 16(a)(1)(G) and (B) improper expert opinion testimony under Fed.R.Evid. 702. Defendant Jones also requests this Court hold a <u>Daubert</u> hearing to determine the reliability and relevance of the proffered testimony. Each objection will be discussed in turn.

### A. Insufficient Notice Under Fed.R.Crim.P. 16(a)(1)(G)

In his Motion to Exclude, Defendant Jones argues that the government's expert disclosure as to both SA Waggoner and Officer Schade is inadequate because it does not comply with the notice requirements of Fed.R.Crim.P. 16(a)(1)(G). Defendant contends the government's notice is deficient in that it does not adequately (1) state the opinions; (2) the bases for those opinions or (3) the qualifications of either witness.

Fed.R.Crim.P. 16(a)(1)(G) requires that the expert disclosure must provide:

(1) the witness's opinions;
(2) the bases for those opinions;
(3) the reasons for these opinions; and
(4) the witness's qualifications.

With this framework in mind, the Court will address each government witness in turn.

#### 1. *Special Agent Waggoner*

As to SA Waggoner, the government responds that the subject matter of his testimony is simple: SA Waggoner will testify concerning the element of interstate nexus between the firearm and ammunition, and the state of Tennessee [Doc. 48]. The government argues the expert notice

2

filed in this case, as well as SA Waggoner's interstate nexus report previously supplied in discovery, and the amendment to the notice [Doc. 55] clearly and unambiguously notifies Defendant Jones of the subject matter of SA Waggoner's proffered testimony. The government further contends that SA Waggoner states that he based his conclusions on three sources of information: (1) specialized training; (2) information supplied by firearms and ammunition manufactures; and (3) research of accepted reference materials and books. Finally, the government attached an Expert Qualification Worksheet to its response, providing more detailed information regarding SA Waggoner's training, education, and qualifications [Doc. 48-3].

Arguably, the initial notice [Doc. 42] provided by the government, authored by AUSA Stone, provides (1) SA Waggoner's opinion and (4) his qualifications.[1] However, the notice does not state (2) the basis for SA Waggoner's opinions nor (3) the reasons for the opinions. At first blush, it appears the notice does not provide SA Waggoner's opinion, only that SA Waggoner "is expected to testify consistent with his report dated April 18, 2006, and supplied in discovery on January 16, 2007." [Doc. 42]. However, the Court finds the government's incorporation by reference to SA Waggoner's report previously provided to the Defendant satisfies the spirit of Rule 16 as to the opinion he is expected to offer: that the firearm and ammunition at issue in this case were manufactured outside the state of Tennessee and to reach the state of Tennessee, it must have

---

[1] In its notice, the government states that SA Waggoner has been in law enforcement for over 20 years; received extensive training in the identification, manufacture and interstate nexus of firearms and has conducted hundreds of examinations to determine the origin of firearms; and has completed the ATF Firearms Institute Nexus Training in Washington, DC. The Court notes however the government supplemented its initial notice regarding SA Waggoner's training and qualifications by providing an Expert Qualification Worksheet [Doc. 48-3], filed October 25, 2007. The Court finds Defendant Jones now has more than sufficient information to challenge SA Waggoner's qualifications on cross-examination.

affected interstate commerce.

However, the initial notice provided by the government does not fully state the basis for SA Waggoner's opinion. It does not state which reference materials he reviewed in order to form his opinion; it only states that review and research of various firearms manufacture reference materials and books was used. Nor does it state whether or not he corresponded with firearm manufacturers in this case, just that he had contacted firearm manufacturers in previous investigations.

Likewise, the reasons for SA Waggoner's opinions are not stated. There is no explanation of how he arrived at his opinion or the reasoning he used. Nowhere is there an explanation of what facts or results he relied on, nor the reasons he relied on them, nor the reasons why those facts or results lead to the ultimate opinion expressed. At a minimum, the Defendant should be provided with an explanation of how SA Waggoner arrived at his opinion (*i.e.* his methodology) and the scientific basis underlying and supporting his position (*i.e.* the reliability component).

Although this Court finds the initial notice provided by the government to be inadequate, the government provided Defendant Jones an Amendment to Notice of Expert Testimony [Doc. 55], which more throughly explains the basis and reasons for SA Waggoner's opinion, thus complying with the requirements of Rule 16. SA Waggoner provided an extensive narrative explaining that he had contacted Mr. Ron Borgio, the Custodian of Records for the Smith & Wesson Corporation regarding the firearm, Mr. Paul Szabo, Technical Consultant, Olin Corporation regarding the Winchester 9mm shell case, and Mr. Coy Getman, CCI/Speer Technical Coordinator, ATK Corporation regarding the CCI 9mm shell case. The Court finds the additional information provided by the government provides Defendant with sufficient information to challenge SA Waggoner's methodology, scientific basis, and opinion. While the Court finds this supplemental notice to now

4

be sufficient to comply with the Federal Rules of Criminal Procedure, such finding does not condone such method of compliance now or in the future. The Court further finds that Defendant Jones is not prejudiced by the government's amendment to its initial expert testimony notice. On November 7, 2007, this Court granted a continuance of the trial date on the request of both parties [Doc. 57]. Defendant Jones agreed that obtaining a ruling on his two pending motions was his in best interest and had no objection to a continuance. Thus, in light of the new trial date of March 4, 2008, Defendant Jones is not prejudiced by the delayed disclosure of the government's notice and has ample time to prepare for trial of this matter.

### 2. *Officer Schade*

As to Officer Schade, the government responds that Officer Schade's testimony will be relevant if the Defendant Jones pursues a line of questioning regarding whether or not the firearm and ammunition at issue were fingerprinted when confiscated. The government argues that Fed.R.Evid. 702 does not require an expert to have an opinion as a predicate to testifying in the case, and that the purpose of Officer Schade's testimony will be to assist the trier of fact to understand that useable latent fingerprints are rarely recovered from firearms. Finally, the government attached a copy of Officer Schade's qualifications as an exhibit to its response [Doc. 48-4].

"In 1993, the drafters of the Federal Rules of Criminal Procedure amended Rule 16 to require such disclosure 'to minimize surprise that often results from unexpected expert testimony ... and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.'" United States v. White, 492 F.3d 380, 406 (6th Cir. 2007) (citing Fed.R.Crim.P. 16 advisory committee's notes (1993)). The summary "contemplated under Rule 16(a), 'should inform the requesting party whether the expert will be providing only background

5

information on a particular issue or whether the witness will actually offer an opinion.'" Id. "In some instances, a generic description of the likely witness and that witness's qualifications may be sufficient, *e.g.* where a DEA laboratory chemist will testify, but it is not clear which particular chemist will be available." Id. In any case, the Rule requires the government to provide a "summary of the bases of the expert's opinion ... even where the proffered experts prepared no reports, and can include 'any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703'" Id.

The initial notice [Doc. 42] provided by the government informs the Defendant that Officer Schade will "testify generally about the fingerprinting of firearms and the ability to obtain useable latent fingerprints." Furthermore, the government advises that Officer Schade has not examined the firearm in this case. According to the Advisory Committee Notes to Fed.R.Evid. 702, "[i]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to those facts." However, the government has not provided the Defendant with information advising what source of information Officer Schade is relying on in his testimony, thus, the government's notice is not sufficient under Rule 16. The government is ordered to provide Defendant Jones with an amendment to its notice advising Defendant of the source of information Officer Schade has used in preparing to testify about the fingerprinting of firearms and the ability to obtain useable latent prints from firearms. The Court finds an amendment to the government's initial notice is sufficient to cure the defect in notice, thus there is no basis to exclude Officer Schade from testifying at trial in light of the trial date being continued to March 2008. The initial notice also provides information regarding Officer Schade's

qualifications, which has been supplemented by the government in Doc. 48-4, filed on October 25, 2007. The Court finds the government's notice as to Officer Schade's qualifications to testify is sufficient and complies with the requirements of Rule 16, however, such finding does not condone such method of compliance now or in the future.

**B.     Improper Expert Testimony**

Defendant Jones challenges the admissibility of SA Waggoner's testimony under Rule 702 of the Federal Rules of Evidence, contending it draws an improper legal conclusion for the jury. Defendant Jones challenges the admissibility of Officer Schade's testimony under Rule 702 and Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), contending his testimony is not relevant to any issue in the case. Federal Rule of Evidence 702 governs the admissibility of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

The trial judge must act as a gatekeeper, admitting only that expert testimony that is relevant and reliable. Daubert, 509 U.S. at 589. With this framework in mind, the Court will now address Defendant's motion.

*1.     SA Waggoner*

Defendant moves to exclude SA Waggoner's testimony as to his opinions set forth in his Report of Investigation, dated April 24, 2006 [Doc. 43-2].[2] Specifically, Defendant challenges SA

---

[2] The government submitted an updated Report of Investigation prepared by SA Waggoner on October 30, 2007 [Doc. 55-2]. However, since both reports use the same language, Defendant's objection to the testimony has not changed.

7

Waggoner's opinion that the ammunition and firearm at issue "must have affected interstate commerce." Defendant contends this opinion draws an improper legal conclusion for the jury and must be excluded. The government, in response, does not dispute Defendant's contention that a portion of SA Waggoner's opinion might contain an improper legal conclusion and agrees not the ask SA Waggoner whether the firearms and ammunition "must have affected interstate commerce" by reaching Tennessee from out-of-state [Doc. 48]. The government further assures the Court it will rely on the standard jury instruction used in this district for felon in possession cases. In light of the government's representation regarding its use of SA Waggoner's testimony, this Court undertakes the following analysis in regards to an interstate nexus requirement expert.

Under 18 U.S.C. § 922(g), the government must prove beyond a reasonable doubt that the defendant possessed or received a firearm which has been transported in interstate commerce. Consequently, the interstate nexus element is met if the government can demonstrate that Defendant Jones possessed the firearm in a state other than the one in which it was manufactured. Under Sixth Circuit jurisprudence, the government may use expert testimony to prove the interstate nexus element. See United States v. Glover, 265 F.3d 337, 344-45 (6th Cir. 2001). Furthermore, the Sixth Circuit has "repeatedly ... found law enforcement officers' expert testimony admissible where it will aid the jury's understanding of a concept, such as the interstate nexus requirement of Section 922(g)." United States v. Vasser, 163 Fed. Appx. 374, 2006 WL 172223, at *2 (6th Cir. Jan. 24, 2006). Thus, a properly qualified expert may testify, that in his opinion, a firearm was manufactured outside the state where it was found, where an essential element of the crime was movement of the firearm in interstate commerce. See Glover, 265 F.3d at 345.

SA Waggoner is a properly qualified expert as to the location of the ammunition and firearm's manufacture and as to his opinion whether the ammunition and firearm traveled in interstate commerce. He has over twenty-six years of law enforcement experience and has been employed by ATF for sixteen years. He had demonstrated specialized training in the area of interstate nexus identification and has testified as an interstate nexus expert in federal court on several occasions. Defendant's objections and critique of SA Waggoner's opinion go more to the weight of his testimony than its admissibility, and Defendant will be afforded the opportunity for rigorous cross examination. Accordingly, this Court finds SA Waggoner is qualified to testify "by knowledge, skill, experience, training, or education," and that his testimony concerns technical or other specialized knowledge, and that his testimony will assist the jury in understanding the evidence or in determining a fact in issue.[3] Fed.R.Evid. 702.

### 2. *Officer Schade*

Defendant Jones moves to exclude Officer Schade's testimony, contending it is irrelevant, and would not assist the jury as required by Fed.R.Evid. 702 [Doc. 43]. The government, in response, argues Officer Schade's testimony becomes relevant if Defendant asks any witness at trial whether the firearm and ammunition were submitted for fingerprint examination [Doc. 48]. At the Motion Hearing, Attorney Davies advised the Court such questioning on the part of the defense would be likely.

---

[3]At the Motion Hearing, the question was raised whether SA Waggoner's expert opinion testimony was impermissible hearsay as his opinion was based on what certain ammunition and firearm manufacturers advised him as to the location of manufacture of the ammunition and firearm in question. However, in the Sixth Circuit, an expert "may rely on hearsay evidence when he identifies the place of manufacture of a firearm." United States v. Hollon, 16 F.3d 1222, No. 92-00110 * 4 (Table) (6th Cir. Feb. 11, 1994). Thus, the question regarding the admissibility of expert testimony relying on hearsay need no further analysis by this Court.

Rule 702 provides expert witnesses may only testify where that testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue." "As a threshold matter, expert witnesses must be qualified to testify to a matter relevant to the case, and a proffering party can qualify their expert with reference to his knowledge, skill, experience, training, or education." Surles ex rel. Johnson v. Greyhound Lines, Inc., 474 F.3d 288, 293 (6th Cir. 2007) (citing Fed.R.Evid. 702) (internal quotation marks and citations omitted). "Rule 702 should be broadly interpreted on the basis of whether the use of expert testimony will assist the trier of fact." Morales v. Am. Honda Motor Co., 151 F.3d 500, 516 (6th Cir. 1998).

Here, the expert opinion testimony in question is offered by a Senior Evidence Technician with the Knoxville Police Department, Forensic Unit, regarding the ability to obtain useable latent prints from firearms. Officer Schade is of the opinion that useable latent fingerprints are rarely recovered from firearms. This Court finds Defendant's objections and critique of SA Waggoner's opinion go more to the weight of his testimony than its admissibility, yet Defendant will be afforded the opportunity for rigorous cross examination at trial. Because the proposed testimony is clearly relevant in a felon in possession case under the relatively lenient Rule 702 standard, the Court finds that the testimony is relevant and thus, admissible.

### C. **Daubert Hearing**

Finally, Defendant Jones requests this Court hold a hearing, pursuant to Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) to determine, as a threshold matter, the reliability and relevance of the proffered testimony. The government, in response, argues a Daubert hearing is not necessary and would be a waste of judicial resources. The government contends there is nothing unusual or complex about the proffered interstate nexus expert testimony or latent

fingerprint expert testimony.

The Sixth Circuit does not require the district court to hold a hearing to comply with Daubert on the admissibility of expert testimony based on scientific principles. See Greenwell v. Boatwright, 184 F.3d 492 (6th Cir. 1999). However, the Court is required, as a part of its gatekeeping function, to make an initial assessment of the relevance and reliability of the testimony. Id. The relevance requirement ensures that there is a "fit" between the testimony and the issue to be resolved by trial. See id. The reliability requirement is designed to focus on the methodology and principles underlying the testimony. See id.

In this case, a Daubert hearing is not necessary because, the Court finds, the filings, briefs, and reports provided are sufficient for such analysis. The Court has already ruled regarding the reliability and qualifications of both experts and the basis for their opinions. It is well settled in the Sixth Circuit that the government may proffer the opinion of an expert in the interstate nexus requirement of Section 922(g). Thus, SA Waggoner's testimony is relevant as it "fits" with the issue to be resolved by trial: whether or not the ammunition and firearm at issue affected interstate commerce. Moreover, the Sixth Circuit has upheld a district court's permitting expert testimony in regards to latent fingerprints. See United States v. Layne, 23 F.3d 409, 1994 WL 142813, at * 6 (6th Cir. April 19, 1994). As discussed above, Officer Schade's testimony may or may not be relevant depending on how the trial proceeds, although both parties concede it is more likely that not that Officer Schade will be called to testify. However, if Officer Schade is called to testify regarding the ability to recover useable latent fingerprints from firearms, the testimony appears likely to be relevant to a fact of consequence at trial. Thus, a Daubert hearing is not necessary to determine the reliability or relevance of Officer Schade's proffered testimony.

For the forgoing reasons, Defendant Jones's Motion to Exclude Expert Testimony **[Doc. 43]** is **DENIED**.

**IT IS SO ORDERED.**

**ENTER:**

　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge