UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No: 3:06-CR-149 |
| | ) | (PHILLIPS/SHIRLEY) |
| BRIAN KEITH JONES, | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 54] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of two motions filed by the government on November 6, 2007: Motion for *In Camera* Review of Potential *Giglio* Material [Doc. 52] and Motion for Protective Order [Doc. 53]. The parties appeared before the Court on November 7, 2007 for a hearing on the above motions. Assistant United States Attorney Tracy Stone ("AUSA Stone") appeared on behalf of the government. Attorney Wade Davies ("Attorney Davies") appeared on behalf of the Defendant, who was also present.

In its motion for an *in camera* review, the government asked this Court to review two official ATF documents which involved a specific incident of conduct by Special Agent Charles S. Parris ("SA Parris") of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). The incident the government asked the Court to review was unrelated to the case currently before the Court, but the government believed the incident report created a questionable *Giglio* situation. The Court finds the government's motion **[Doc. 52]** is well-taken and is accordingly **GRANTED**. Thus, the Court

conducted an *in camera* review in preparation for the motion hearing on November 7, 2007.

At the motion hearing on November 7, 2007, the Court ruled from the bench that the two official ATF documents submitted by the government for an *in camera* review fall within the purview of *Giglio* material and thus, the Defendant is entitled to some, but not all, of the information contained within the documents. The government agreed to submit to the Court a redacted copy of the documents which would comply with the spirit of *Giglio* disclosure and provide a copy to defense counsel upon approval of the redacted copy by this Court. The government complied with the Court's directive, and as of November 13, 2007, defense counsel has been in possession of the ATF documents determined to be *Giglio* materials.

That brings the Court to the government's Motion for Protective Order [Doc. 53], filed on November 6, 2007. The government requests this Court enter an Order protecting the disclosure and dissemination of the two ATF documents, in the event the Court finds the material to be *Giglio* materials. Since the Court has determined the two ATF documents are *Giglio* materials, it must now determine whether the information should be protected from disclosure outside this litigation. The government makes its request subject to Rule 16(d)(1) of the Federal Rules of Criminal Procedure.

Rule 16(d)(1) provides that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed.R.Crim.P. 16(d)(1). The U.S. Supreme Court has sanctioned the use of protective orders, directing that "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." Alderman v. United States, 394 U.S. 165, 185 (1969). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity.

Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) (noting in the civil contest that "it is well-established that a party wishing to obtain an order of protection over discovery material must demonstrate that 'good cause' exists for the order of protection.") (quoting Fed.R.Civ.P. 26(c)). With this framework in mind, the Court addresses the government's motion.

In this case, the Court finds the government has failed to make the requisite showing that entering a protective order is essential to preserve certain substantial interests, mainly of the intervener in this case, SA Parris. The Court finds Defendant Jones has a substantial legal right to a fair trial and entitled to information coming within the purview of *Giglio* in order to prepare his defense. The government has not established or shown any higher need or interest than that of the Defendant's to be protected. Moreover, the government, on behalf of SA Parris, has not outlined a compelling argument, nor one supported by law, that would establish or furnish good cause for finding that the matters at issue would subject SA Parris to any realistic, appreciable risk of harm or that the information would be used against him for improper purposes.

Finally, the Court reminds the government that there is a strong tradition of public access to judicial records, particularly in criminal cases, and this Court strongly believes that the public has a legitimate interest in cases and evidence that come before the Court.

Accordingly, the Court **DENIES** the government's Motion for Protective Order **[Doc. 53]**. Additionally, the Court directs all filings in this case previously filed under seal to be unsealed.

Accordingly, it is **ORDERED**:

(1) The Court **GRANTS** the government's Motion for *In Camera* Review of Potential *Giglio* Material **[Doc. 52]**;

(2) The Court **DENIES** the government's Motion for Protective Order **[Doc. 53]**;

(3) The Court directs all previous filings which are currently under seal to be unsealed.

**IT IS SO ORDERED.**

                                                  **ENTER:**

                                                  s/ C. Clifford Shirley, Jr.
                                                  United States Magistrate Judge