UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-149 |
| | ) | (Phillips) |
| BRIAN KEITH JONES | ) | |

**MEMORANDUM AND ORDER**

On December 14, 2007, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed an 18-page Report and Recommendation (R&R) [Doc. 66] in which he recommended that defendant's motion to exclude evidence [Doc. 44] be denied. This matter is presently before the court on timely objections to the R&R filed by defendant. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects. For the reasons that follow, the court finds itself in agreement with Magistrate Judge Shirley's analysis of the legal issues arising from the suppression hearing conducted by him on November 7, 2007. Consequently, defendant's objections will be overruled, the R&R will be accepted in whole, and the underlying motion to exclude evidence related to the ammunition allegedly seized from defendant will be denied.

Defendant has been charged in a two-count indictment with possession of a firearm and with possession of ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). The firearm was allegedly seized from a motel room, and the bullets were allegedly taken

from defendant's pocket. The government and its agents no longer possess the bullets, and the bullets have never been produced for defense inspection. Defendant moved to exclude any evidence or testimony related to the ammunition at trial. Following an evidentiary hearing on defendant's motion, Magistrate Judge Shirley found that there was no proof that the Sweetwater Police Department or anyone acted intentionally to lose the bullets allegedly seized from defendant. Accordingly, Magistrate Judge Shirley recommended that defendant's motion to exclude any evidence or testimony regarding the bullets at trial be denied.

Defendant asserts that the government's inability to produce the ammunition allegedly seized from him and its failure to preserve the evidence prejudices his ability to prepare his defense. Specifically, defendant states that he is precluded from testing the bullets in order to show the absence of fingerprints and DNA material, which would be exculpatory.

Defendant has offered no evidence to show that the officers acted in bad faith in disposing of or losing the bullets allegedly recovered from him. The testimony presented at the suppression hearing failed to establish that the Sweetwater Police Department or anyone acted intentionally to lose the bullets or acted pursuant to any other improper motive in disposing of evidence believed no longer necessary to keep. Under these facts, the court concurs with Magistrate Judge Shirley's conclusion that the government's failure to preserve the evidence does not constitute a denial of due process of law. *See Arizona v. Youngblood,* 488 U.S. 51, 58 (1998).

Defendant further argues that even without a showing of bad faith on the part of the government, there has been a violation of Federal Rule of Criminal Procedure 16 and that exclusion of any evidence and testimony regarding the bullets is an appropriate remedy for the violation. The court disagrees. At trial, defendant will certainly make known to the jury that the bullets are not available as evidence. Any testimonial inaccuracies can be challenged by vigorous cross-examination. Thus, loss of the bullets will not prejudice the defendant, and the court need not exclude testimony and/or evidence regarding the bullets at trial.

For the foregoing reasons, as well as the reasons articulated by Magistrate Judge Shirley in the R&R, defendant's objections to the R&R [Doc. 68] are hereby **OVERRULED** in their entirety whereby the R&R [Doc. 66] is **ACCEPTED IN WHOLE.** Accordingly, defendant's motion to exclude evidence [Doc. 44] is **DENIED**, whereby the court will allow the introduction of evidence and testimony regarding the bullets allegedly seized from defendant at the trial of this matter, which is presently set for March 4, 2008.

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge