**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>BRIAN KEITH JONES ) | No. 3:06-CR-149<br>(Phillips) |

### MEMORANDUM AND ORDER

This matter is before the court on defendant's appeal of the Magistrate Judge's 12-page memorandum and order [Doc. 64]. The appeal concerns Magistrate Judge Shirley's denial of defendant's motion to exclude expert testimony proffered by the government.

Magistrate Judge Shirley's order was entered pursuant to 28 U.S.C. § 636(b). Under 28 U.S.C. § 636(b), a court can reconsider a magistrate judge's ruling if it is "clearly erroneous" or "contrary to law." Accordingly, the court has now undertaken a review of Magistrate Judge Shirley's order. For the reasons which follow, the court concludes that Magistrate Judge Shirley's rulings are consistent with the Federal Rules of Evidence, Federal Rules of Criminal Procedure, and applicable case law.

Defendant has been charged in a two-count indictment with possession of a firearm and with possession of ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). The government provided defendant with a notice of intent to use expert testimony to (1)

prove the interstate nexus of the firearm and bullets, and (2) to explain why no effort was made to fingerprint the evidence. Senior Special Agent Bernard Waggoner, ATF, was designated as the interstate nexus expert, and Tim Schade, Knoxville Police Department, was designed as the expert on fingerprints.

First, regarding Agent Waggoner's testimony, defendant argues that the Confrontation Clause prohibits the government from introducing hearsay declarations of manufacturers' representatives through an expert witness. Instead, defendant argues, the government should be required to introduce testimony from the manufacturers' representatives directly, since those persons have "personal knowledge" of the subject matter. The court finds defendant's argument without merit. The Sixth Circuit has found law enforcement officers' testimony admissible where it will aid the jury's understanding of a concept, such as the interstate nexus requirement of Section 922(g). Moreover, the Sixth Circuit has held that a properly qualified expert may testify, that in his opinion, a firearm was manufactured outside the state where it was found, where an essential element of the crime was movement of the firearm in interstate commerce. *See United States v. Glover,* 265 F.3d 337, 344-345 (6th Cir. 2001). At trial, Agent Waggoner will be subject to cross examination to test his methods and conclusions. Thus, the court does not find Magistrate Judge Shirley's ruling that this testimony is admissible is clearly erroneous or contrary to Sixth Circuit case law.

Next, defendant argues that the court does not have before it sufficient information regarding the basis of Officer Schade's opinion. Magistrate Judge Shirley

found the government's notice of expert testimony lacked information advising what source of information Officer Schade will rely on in his testimony. The government provided that information in an amended notice of expert testimony [Doc. 70]. The court has reviewed the government's amended notice and finds that it details the reasons for Officer's Schade's conclusion and that his conclusions are based on his personal experience and training. Again, at trial, defendant may test the merits of Officer Schade's testimony through cross examination. Thus, the court finds no reason at this time to exclude Officer Schade's testimony at trial.

Last, defendant asks the court to conduct a *Daubert* hearing. However, the court agrees with Magistrate Judge Shirley that a *Daubert* hearing is unnecessary because the record contains sufficient evidence to determine the reliability and qualifications of both experts and the basis for their opinions.

Accordingly, the rulings rendered by Magistrate Judge Shirley are **AFFIRMED** on the basis of the reasoning set forth above, and in the magistrate judge's memorandum and order entered December 13, 2007. Defendant's appeal [Doc. 67] is **DENIED** in its entirety.

**IT IS SO ORDERED.**

                                        **ENTER:**

                                              s/ Thomas W. Phillips
                                          United States District Judge